**McCARTHY & HOLTHUS, LLP**
Kristin A. Schuler-Hintz (NSB# 7171)
Thomas N. Beckom, Esq  (NSB# 12554)
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
(702)685-0329(Phone)
(866)339-5691(Fax)
Attorneys for Ocwen Loan Servicing

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA E. NAVE<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL ONE, CHASE, CITIFINANCIAL AUTO, OCWEN LOAN SERVICING, LLC, SELECT PORTFOLIO SERVICING, INC and EQUIFAX INFORMATION SERVICES<br><br>    Defendants. | Case No.  2:15-cv-02275-JCM-PAL<br><br><br>**MOTION FOR ENTRY OF ORDER PURSUANT TO 15 U.S.C. §1681(b)(a)(1) TO DISCLOSE CONSUMER REPORTS** |

Plaintiff, OCWEN LOAN SERVICING, LLC (hereinafter "OCWEN") by and through their attorney of record Thomas N. Beckom, Esq of the law firm of McCarthy Holthus LLP hereby files this Motion for Entry of an Order Pursuant to 15 U.S.C. §1681(b)(a)(1) to Disclose the Consumer Reports and All Related Information of Patricia Nave in this matter.

This matter involves claims under the Fair Credit Reporting Act whereby Patricia Nave has alleged that *inter alia* Ocwen has provided misleading information to Equifax regarding the credit status of her accounts based on a 2015 credit report. Ocwen disputes this. Moreover Ocwen has not seen this report either from Equifax or Nave, assumedly because of restrictions per 15 U.S.C. §1681b

15 U.S.C. §1681b provides limited instances in which a consumer reporting agency, such as Equifax, can disclose credit reports.  15 U.S.C. §1681b(a)(1) provides that Equifax and/ or Nave can disclose their credit reports "in response to the order of a court having jurisdiction to issue

such an order." It is well established that credit reporting can and should be disclosed upon appropriate Court order. *Laufman v. Oakley Bldg & Loan Co.* 72 F.R.D. 116 (S.D. Ohio 1976). It is Ocwen's position in this litigation, similar to Capital One, that Ocwen was never informed there was an issue. Furthermore Ocwen has yet to see this purported credit report at issue. Ocwen is entitled to see the entire credit reporting file from both Equifax, whom has now appeared in this litigation, as well as Nave

The credit report and Equifax work file are directly at issue in this litigation. In light of this, this Honorable Court should issue an order pursuant to 15 U.S.C. §1681b(a)(1) that both Equifax, as well as Patricia Nave, may, and indeed should, disclose any and all information in their possession custody or control related the purported credit report at issue as well as the actual credit report pursuant to 15 U.S.C. §1681b(a)(1). Moreover, this disclosure should be made prior to ruling on the stipulation to dismiss Equifax. [Doc 52].

DATED: March 15, 2016

          McCarthy & Holthus, LLP

          By:  /s/ Thomas N. Beckom, Esq_____
             Thomas N. Beckom, Esq

**IT IS ORDERED** that the Motion to Disclose Consumer Reports (Dkt. #53) is **GRANTED**, and Equifax shall disclose its 2015 credit report and its credit reporting file for Plaintiff Patricia Nave pursuant to 18 U.S.C. 1681(a)(1).

**IT IS FURTHER ORDERED** that the Motion to Shorten Time is **GRANTED** as the hearing was scheduled for hearing on April 7, 2016.

Dated: April 7, 2016

_____
Peggy A. Leen
United States Magistrate Judge